***********
The Full Commission has reviewed the Deputy Commissioner's Opinion 
Award based on the record of the proceedings before the Deputy Commissioner and the briefs and oral arguments before the Full Commission. The appealing party has shown good grounds to reconsider the evidence, and having reviewed the competent evidence of record, the Full Commission hereby AFFIRMS in part, and REVERSES in part the Opinion 
Award of the Deputy Commissioner.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties as:
 STIPULATIONS
1. All stipulations contained in the Pre-Trial Agreement are received into evidence.
2. There is a proper denomination of parties and there is no question as to nonjoinder or misjoinder of parties.
3. An employer-employee relationship existed at the time of the accident.
4. The employer is self-insured under the North Carolina Workers' Compensation Act.
5. As of the date of the alleged accident, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
6. The parties are properly before the Commission for hearing and the Commission has jurisdiction of the parties and the subject matter.
7. The stipulated date of accident per a Form 60 was November 16, 2001.
8. The accident took place in Henderson County.
9. The accident arose out of and in the course of employment.
10. All forms received by the Commission from the parties may be entered into evidence, including but not limited to Form 18, Form 18M, Form 19, Form 25R, Form 60, Form 33, and Form 33R.
11. Plaintiff contends the contested issues to be determined by the Commission are as follows:
a. Whether plaintiff suffered an injury to his low back by accident or traumatic event arising out of and in the course of his employment with defendant on November 16, 2001; and
b. To what wage indemnity and medical compensation benefits is plaintiff entitled, including but not limited to medical compensation for a total left hip replacement, pursuant to the Form 18M executed by Dr. Peckham?
12. Defendant contends the contested issues to be determined by the Commission are as follows:
a. Whether plaintiff has reached maximum medical improvement with regard to his admitted left hip and left elbow injury of November 16, 2001, and if so, whether he has sustained any permanent disability to his left hip or left elbow as a result of the November 16, 2001, accident; and
b. Whether plaintiff suffered an injury to his low back on November 16, 2001, by accident or specific traumatic incident arising out of and in the course of his employment with defendant?
 ***********
Based upon the credible evidence of record and reasonable inferences drawn therefrom, the Full Commission finds as fact the following:
 FINDINGS OF FACT
1. Plaintiff began working for the defendant in April of 1996 as a welding technician.
2. On November 16, 2001 while operating a welding machine, plaintiff tripped on the lip of the platform on which he was standing and fell onto his left side. As a result of this admittedly compensable injury by accident, plaintiff fractured his left arm and left leg.
3. Plaintiff presented to the Park Ridge Hospital Emergency Room complaining only of hip and left thigh pain. Dr. Robyn Peckham, an orthopedic surgeon, diagnosed the plaintiff with a left hip femoral neck fracture and a left elbow radial head fracture.
4. Dr. Peckham performed surgery on November 17, 2001 but plaintiff continued to experience pain in his hip and in his thigh. Dr. Peckham determined that the plaintiff could not distinguish any differences in the pain patterns except when they radiated into his foot.
5. Plaintiff's left arm and leg healed and in February of 2003, Dr. Peckham assigned a permanent partial disability rating of 15% to plaintiff's left leg and a 1% permanent partial disability rating to his left arm.
6. The plaintiff returned to Dr. Peckham on May 21, 2003 complaining of more pain radiating down below his left knee. According to Dr. Peckham, this was the first typical presentation of back pain and he diagnosed a herniated nucleus pulpous and ordered a lumbar MRI. Dr. Peckham further opined that although lateral thigh pain is evidence of radiculopathy, plaintiff's pain just did not have the more typical presentation of going down below the knee until his complaints on May 21, 2003.
7. The lumbar MRI revealed a bulging disc at L4-L5. As a result of the definite diagnosis, Dr. Peckham proceeded with a micro lumbar discectomy on June 30, 2003.
8. Dr. Peckham opined that even though the plaintiff exhibited symptoms consistent with the disc herniation throughout his treatment for his hip, Dr. Peckham misinterpreted them as being caused exclusively by the hip injury and not by a potential herniated disc. Dr. Peckham stated that the indications of a herniated disc were there but that he missed them and thus plaintiff's diagnosis of a herniated disc was not made until May 27, 2003. Dr. Peckham further stated that there was no lapse in time between the trauma of plaintiff's admittedly compensable injury by accident and his radicular symptoms, but rather a delay in the actual diagnosis of the cause of the symptoms of the herniated disc.
9. Dr. Peckham also opined that plaintiff's occasional radicular pain in his foot was the same pain he had complained of since his admittedly compensable injury by accident and he assessed the pain chronology, including the radicular symptoms, as beginning at the time of his admittedly compensable injury by accident.
10. Dr. Peckham finally opined that plaintiff's disc herniation at L5-S1 occurred when he fell at work on November 16, 2001 and that his recurrent herniation is directly related to the surgery at L4-L5 which was only necessitated due to his work related fall on November 16, 2001.
11. Dr. Peckham took plaintiff out of work on May 27, 2003 due to the disc herniation caused by his November 16, 2001 injury by accident to his back. Dr. Peckham opined at his deposition that plaintiff is still unable to perform the job duties he was performing on November 16, 2001 due to his disc herniation.
12. Dr. Joseph Estwanik, orthopaedist, reviewed only plaintiff's medical records and opined that plaintiff's herniated disc was unrelated to his fall at work on November 16, 2001.
13. The Full Commission gives greater weight to Dr. Peckham's opinion as he treated the plaintiff over several years, performed evaluations, examinations, surgeries and provided ongoing treatment for the plaintiff, whereas Dr. Estwanik performed no physical examination of the plaintiff nor rendered any treatment for the plaintiff.
14. The competent evidence in the record establishes that the plaintiff sustained an injury by accident to his left arm, left leg and to his back as a direct result of the work assigned to him on November 16, 2001.
15. Pursuant to the Form 22, plaintiff's average weekly wage was $889.46, yielding a compensation rate of $593.00.
 ***********
Based upon the foregoing Findings of Fact, the Full Commission hereby enters the following:
 CONCLUSIONS OF LAW
1. Plaintiff sustained a compensable injury by accident to his left arm, left leg and to his back arising out of and in the course of employment with defendant on November 16, 2001 and as a direct result of a specific traumatic event of the work assigned on November 16, 2001. N.C. Gen. Stat. § 97-2(6).
2. As a result of plaintiff's injuries by accident to his back, he is entitled to temporary total disability at a weekly rate of $593.00 beginning on the date determined by the parties per the defendant-employer's company records and continuing until further order of the Commission. N.C. Gen. Stat. § 97-29.
3. Defendants are entitled to a credit for any employment compensation paid for periods during which plaintiff received indemnity benefits, if any. N.C. Gen. Stat. § 97-42.1.
4. Plaintiff is entitled to all reasonably necessary medical treatment related to his injuries by accident for so long as such treatment tends to effect a cure, provide relief or lessen the period of disability, including all surgeries, evaluations, examinations and treatment performed by Dr. Peckham and/or recommended by Dr. Peckham. N.C. Gen. Stat. §§ 97-25.1; 97-25.
 ***********
Based on the foregoing Findings of Fact and Conclusions of Law, the Full Commission enters the following:
 AWARD
1. Defendants shall pay temporary total disability benefits to plaintiff for the injury to his back in the amount of $593.00 per week beginning on the date determined by the parties per the defendant-employer's company records and continuing until further order of the Commission. Any accrued amount shall be paid in a lump sum to plaintiff. Defendants are entitled to a credit for any period during which the plaintiff received indemnity payments, if any.
2. Plaintiff is entitled to all reasonably necessary medical treatment related to his injuries by accident for so long as such treatment tends to effect a cure, provide relief or lessen the period of disability, including all surgeries, evaluations, examinations and treatment performed by Dr. Peckham and/or recommended by Dr. Peckham. N.C. Gen. Stat. §§ 97-25.1; 97-25.
3. Defendant shall bear the costs.
This the ___ day of March 2005.
 S/_____________ PAMELA T. YOUNG COMMISSIONER
CONCURRING:
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER